**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

MATTIE HAMMOND,                         )
                                        )
        Plaintiff,              )
                                        )
v.                                      )    Case No. CIV-21-339-RAW-JAR
                                        )
OKLAHOMA DEPARTMENT OF                  )
CORRECTIONS; DANIEL FAULK;              )
RANDY MORAN; and DOE CULTERA,           )
                                        )
        Defendants.             )

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Dismiss (Docket Entry #22). Plaintiff initiated this action on November 12, 2021 and filed an Amended Complaint on September 6, 2022. Plaintiff alleges that she was an employee of Defendant Oklahoma Department of Corrections, having been hired on November 15, 2018 and "involuntarily released" on November 13, 2019. Plaintiff further contends that she was required to complete academy and firearms training within one year of being hired and that she successfully completed the academy within the time required. She alleges that she was scheduled for the firearms training and attended the first day but was not allowed to continue the training as she just had discovered that she was eight weeks pregnant.

Plaintiff asserts that Defendant Faulk told her that the lead in bullets would be harmful to her unborn baby and she would need permission from her physician to continue the firearms training. Despite Plaintiff obtaining the required permission, she contends Defendant Faulk did not permit her to continue the firearms training but was allowed to continue

her employment with Defendant Oklahoma Department of Corrections.

Plaintiff states that she complained to her shift supervisors, Defendants Moran and Cultera, but "[n]othing came of her complaint." Plaintiff was rescheduled for firearms training when she was eight months pregnant. She was terminated, however, on November 13, 2019 for the failure to complete firearms training within one year.

Plaintiff brought this action alleging (1) interference with her rights under the Family and Medical Leave Act ("FMLA"); and (2) a violation of Title VII of the Civil Rights Act of 1964 – the Pregnancy Discrimination Act of 1978.[1] On September 6, 2022, Plaintiff filed an Amended Complaint which only asserts the claim for interference with the FMLA.[2]

Defendants filed the subject Motion, requesting the dismissal of the claims against them because Plaintiff failed to state a claim for interference with the FMLA.

The FMLA entitles eligible employees to take up to 12 work weeks of unpaid leave annually for any of several reasons, including (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter; (B) Because of the placement of a son or daughter with the employee for adoption or foster care; (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition;

---

1  Docket Entry No. 2.
2  Docket Entry No. 9.

2

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee; (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces; and (F) During the period beginning on the date the Emergency Family and Medical Leave Expansion Act takes effect, and ending on December 31, 2020, because of a qualifying need related to a public health emergency in accordance with section 2620 of this title. 29 U.S.C. § 2612(a)(1). The Act creates a private right of action to seek both equitable relief and money damages "against any employer (including a public agency) in any Federal or State court of competent jurisdiction," § 2617(a)(2), should that employer "interfere with, restrain, or deny the exercise of" FMLA rights, § 2615(a)(1).

To establish a claim of FMLA interference under § 2615(a)(1), an employee must show "(1) that she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." Dalpiaz v. Carbon Cnty., Utah, 760 F.3d 1126, 1132 (10th Cir. 2014)(citation omitted). An "eligible employee" entitled to benefits under the FMLA's provisions is defined as "an employee who has been employed -- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service

with such employer during the previous 12-month period. 29 U.S.C. § 2611.

Plaintiff expressly states in the Amended Petition that (1) "[Plaintiff] was hired on 15 November, 2018, and involuntarily released from her employment on 13 November, 2019";[3] and (2) "[Plaintiff] would become eligible for job-protected FMLA leave within two days of her termination, upon reaching her one-year anniversary from her date of hire."[4] Therefore, Plaintiff, by her own admission, was not eligible for FMLA benefits and protection at the time that her claim for interference allegedly arose. She cannot as a matter of law prevail on her action for interference because she was not entitled to FMLA leave – the first and essential element of a claim for interference.

Plaintiff states in her response that she would have been entitled to FMLA rights if she had not been terminated two days prior to her one year employment anniversary and, therefore, her claim is plausible and survives under Fed. R. Civ. P. 12(b)(6). Plaintiff's claim in this regard is entirely speculative and ignores the fact that she asserts interference with an entitlement which simply did not exist. No claim for interference in the accrual of benefits is contained in the relevant statutes or case authority.

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft

---

[3] Docket Entry No. 9, ¶ 9.
[4] Docket Entry No. 9, ¶ 24.

v. Iqbal, 556 U.S. 662 (2009).  Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions.  Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570.  The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  Bell Atlantic,  550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2).  Khalik, 671 F.3d at 1191.  Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the

5

case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

The problem with the plausibility of Plaintiff's interference claim lies in the lack of a legal foundation under the facts presented. Plaintiff no longer asserts a claim for wrongful termination under Title VII. As a result, the sole claim remaining alleging interference with FMLA benefits fails and must be dismissed.

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss (Docket Entry #22) be **GRANTED,** and that the claim asserted against all Defendants be **DISMISSED.**

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court. Any such objection shall be limited to ten (10) pages in length. Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of this decision by the District Court.

IT IS SO ORDERED this 1st day of August, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE